IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

RAAJ RAFE,                              *            2014 MAY 21  P 12: 25

                                                     CLERK'S OFFICE
v.                                      * CIVIL ACTION NO. JKB-14-24 BALTIMORE

JUDGE JACKSON,                          *            BY_____    ____DEPUTY
                                      ******

## MEMORANDUM OPINION

On  January 3, 2014, Raaj Amexem Moor Rafa El filed the instant petition for writ of

habeas corpus challenging his confinement in the Baltimore City Detention Center.[1] ECF No. 1.

For the reasons that follow, the petition will be denied without prejudice as unexhausted.

Maryland Case Judiciary Research indicates that petitioner has been charged with illegal

possession of a handgun and trespass in the Circuit Court for Baltimore City.  His trial is

scheduled for August 12, 2014.[2]

Pretrial federal habeas relief is available under 28 U.S.C. §2241 if the petitioner is in

custody, has exhausted state court remedies, and special circumstances exist that justify

intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir.

1987).  Exhaustion is established where both the operative facts and controlling legal principles

of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d

276, 289 (4th Cir. 2000) (citations omitted).  In the pretrial context, federal courts must abstain

from exercising jurisdiction over a claim that may be resolved through trial of the merits or by

other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit

Court*, 410 U.S. 484, 489-90 (1973).

---

[1] Subsequently, petitioner filed another petition for habeas corpus raising similar claims and challenging his pretrial confinement. *See Rafa-El v. O'Malley*, Civil Action No. JKB-14-461, challenging his confinement. Petitioner was directed to supplement and the case ultimately dismissed as unexhausted.

[2] *See* Maryland Case Judiciary Research at http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). The alleged errors raised by petitioner in the instant case may be addressed by the trial court. Thus, the petition must be dismissed without prejudice.

A separate order follows.

May 21, 2014
_____
Date

James K. Bredar
_____
James K. Bredar
United States District Judge